IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

JANTZ H. KINZER and JOHN W. CHERRY )
individually and as class representatives, )
 )
       Plaintiffs, )
 )
vs. ) Case No.
 )
REMINGTON ARMS COMPANY, INC. and )
SPORTING GOODS PROPERTIES, INC., )
 )
       Defendants. )

FILED IN THE DISTRICT COURT
OKLAHOMA COUNTY, OKLA.

OCT 16 2009

PATRICIA PRESLEY, COURT CLERK
by_____ DEPUTY

CJ - 2009 - 9806

## PETITION FOR INDIVIDUAL AND CLASS ACTION RELIEF

Plaintiffs, Jantz H. Kinzer and John W. Cherry, pursuant to 12 Okla. Stat. 2001, 2023, on their own behalf and as representatives of a class of individuals as more fully described herein, for their Petition against defendants, Remington Arms Company, Inc. and Sporting Goods Properties, Inc., state and allege as follows:

### PARTIES

1. Defendant Remington Arms Company, Inc. (hereinafter "Remington") is a corporation duly organized and incorporated under the laws of the State of Delaware with its corporate headquarters in North Carolina. At all times relevant to this action, Remington was doing, authorized to do, and was conducting business in Oklahoma by selling and distributing, through its agents and representatives and otherwise, new Remington Model 700 bolt action rifles each with a Walker fire control (hereinafter referred to as "Model 700"). Remington's registered agent in Oklahoma is The Corporation Company, 735 First National Building, Oklahoma City, Oklahoma 73102, and Remington can be served with process by service upon its registered agent.

2. Defendant Sporting Goods Properties, Inc. (hereinafter "Sporting Goods") is a corporation duly organized and incorporated under the laws of the State of Delaware with its corporate headquarters in Delaware since about 1985 but in Connecticut prior thereto. At all times relevant to this action, Sporting Goods was doing, authorized to do, and was conducting business in Oklahoma by selling and distributing, through its agents and representatives and otherwise, Remington Model 700 bolt action rifles each with a Walker fire control. Sporting Goods registered agent in Oklahoma is the Secretary of State, State of Oklahoma, 2300 N. Lincoln Blvd., Oklahoma City, Oklahoma 73105-4897, and Sporting Goods can be served with process by service upon its registered agent.

3. Jantz H. Kinzer (hereinafter "Kinzer") is a citizen of Oklahoma and resides in the city of Oklahoma City, Oklahoma County, Oklahoma.

4. John W. Cherry (hereinafter "Cherry") is a citizen of Oklahoma and resides in the city of Edmond, Oklahoma County, Oklahoma.

## GENERAL ALLEGATIONS

5. Defendant Remington is now and Defendants Remington and Sporting Goods have been engaged in the business of designing, manufacturing, assembling, testing, distributing and selling firearms, and in this regard Remington did design, manufacture, test, distribute, and place into the stream of commerce and sell to Kinzer a Model 700 and Sporting Goods did design, manufacture, test, distribute, and place into the stream of commerce and sell to Cherry Model 700s, as did Remington and/or Sporting Goods with respect to each putative class member.

6.  After September 2004, Kinzer purchased a new Model 700 at Outdoor Outfitters, now owned by H&H Gun Range & Shooting Sports Outlet, located in Oklahoma City, Oklahoma County, Oklahoma. The Model 700 purchased by Kinzer bears serial number S6502027 and was purchased primarily for personal, family, or household use. In the early 1970s, Cherry purchased a new Model 700 at a TG&Y store (no longer in existence) located in Edmond, Oklahoma County, Oklahoma. This Model 700 purchased by Cherry bears serial number 169559 and was purchased primarily for personal, family, or household use. Later in the 1970s, Cherry purchased another new Model 700 at a gun shop in Oklahoma City, Oklahoma, which is no longer in existence. This Model 700 purchased by Cherry bears serial number 6817532 and was purchased primarily for personal, family, or household use. Each putative class member also purchased a new Model 700.

7.  The Model 700 rifles purchased by Kinzer and Cherry and each rifle purchased by each putative class member have a Walker fire control. The Walker fire control is a defect in the design of the Model 700 because the Walker fire control permits the rifle to fire without a trigger pull.

8.  Due to that dangerous defect, the Model 700s purchased by Kinzer, by Cherry and by each putative class member is for the same reason as each other rifle purchased by every other putative class member not fit for the ordinary purpose for which such goods are sold and used.

## CLASS ACTION ALLEGATIONS

9.  This action is brought by Kinzer and by Cherry individually and as class representatives against Remington and Sporting Goods to recover damages for themselves and

3

for all other putative class members who have purchased one or more Model 700 rifles with a Walker fire control. The damages sought in this class action are limited to those for a breach of warranty and this class action is not asserting any personal injury claims, wrongful death claims, or property damage claims. Kinzer and Cherry each seek in this case only economic damages on behalf of himself and each putative class member.

10. Kinzer and Cherry each propose to represent a class defined as all persons who are United States citizens and are the original purchaser of a new Model 700, but excluding (i) Remington employees, directors, and officers, and members of their immediate families, (ii) all judges before whom this case is pending and persons within the fourth degree of consanguinity or affinity to them, (iii) any person in a jury pool for this action who is kin to a party to the action; (iv) purchasers for use by government, military, or law enforcement agencies and (v) any person who has suffered a personal injury, wrongful death, or property damage from the use or handling of a Model 700. Kinzer's and Cherry's claims are typical of the claims of each putative class member and Kinzer and Cherry will fairly and adequately represent the interests of the class and each class member. The claims of Kinzer, Cherry, and each putative class member are based on the presence of a Walker fire control and whether that control is a breach of the same warranties given to Kinzer, Cherry, and each putative class member. The claims of Kinzer and Cherry and the claim of each putative class member concern solely the fact that the rifles each had a Walker fire control system that breached warranties and do not concern any conduct or use by Kinzer, Cherry, or any putative class member. Kinzer and Cherry have suffered the same type of damages as each putative class member and the damages of Kinzer, Cherry and each putative class member are measured in the same way.

11. On information and belief, the putative class consists of hundreds if not thousands of individuals so that joinder of each putative class member as a party to this action is impracticable. Moreover, the amount of damages suffered by each class member is such that an individual action for recovery by each individual class member is economically unfeasible and no single class member would have an interest in controlling the prosecution of his or her individual claim. Upon information and belief, no other litigation already exists which was commenced by or against members of the class concerning the controversy in the present case.

12. There are questions of law and fact common to Kinzer, Cherry, and each member of the putative class. Those common questions of law and fact include the following:

   a. Whether the defect described above which is present in each Model 700 makes each rifle unfit for its ordinary purpose.

   b. Whether in each instance when a putative class member purchased a Model 700 Remington, or Sporting Goods, as appropriate, breached warranties given to each putative class member;

   c. Whether the economic injury suffered by each putative class member and the manner of calculating damages is the same for Kinzer, Cherry, and each putative class member.

13. Counsel for the Class, Max C. Tuepker PC, Rouse Hendricks German May PC, Monsees, Miller, Mayer, Presley & Amick PC, and Richard A. Ramler, are experienced and knowledgeable concerning this type of litigation, and will fairly and adequately represent the interests of the putative class. Kinzer and Cherry will fairly and adequately protect the interests of the putative class.

5

14. The common questions of law and fact predominate over any questions affecting any individual member of the putative class, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy. There should be no unusual difficulties in the management of this case as a class action.

15. This action is properly maintainable as a class action because separate adjudications could result in inconsistent or varying adjudications which would establish incompatible standards of conduct for Remington and Sporting Goods and the agents and representatives through whom each acts. Adjudication of the claims of individual class members would as a practical matter be dispositive of the claims of the other putative class members. Concentrating the claims of each putative class member in a single piece of litigation would result in judicial efficiency and would not otherwise prejudice the rights of Remington, Sporting Goods, or any putative class member.

**BREACH OF WARRANTY**

16. Kinzer and Cherry, on their own behalf and on behalf of the putative class, restate and incorporate by reference paragraphs 1 through 15 above as though fully restated herein.

17. The purchase by Kinzer, the purchases by Cherry, and the purchase by each putative class member of a new Model 700 from Remington, through its agents or otherwise, or from Sporting Goods, through its agents or otherwise, constituted a sale of goods and an accompanying warranty by Remington and Sporting Goods, respectively.

18. In order to be merchantable and free from defects in workmanship, each Model 700 had to be able to be used safely by not being able to fire without a trigger pull.

19. Remington warranted to Kinzer and each putative class member and Sporting Goods warranted to Cherry and each putative class member that the Model 700 purchased by each and every one of them would not fire without a trigger pull, that it was fit for the ordinary purpose for which it is used, and that it was free from defects in workmanship. Firing without a trigger pull is not the ordinary purpose of the rifles and makes the rifles not merchantable and defective.

20. Remington breached its warranties to Kinzer and each putative class member and Sporting Goods breached its warranties to Cherry and each putative class member.

21. As a result of the breach of warranties by Remington and by Sporting Goods, Kinzer, Cherry, and each putative class member has suffered economic damage. Kinzer and the putative class members do not seek incidental or consequential damages, nor injunctive relief.

22. WHEREFORE, Kinzer and Cherry, individually and as representative of the putative class, pray for the following relief:

    a. An order certifying this action as a class action for the following class: all persons who are United States citizens and are the original purchaser of a new Model 700, but excluding (i) Remington employees, directors, and officers, and members of their immediate families, (ii) all judges before whom this case is pending and their spouses and persons within the third degree of relationship to either of them, (iii) any person in a jury pool for this action who is kin to a party to the action; (iv) purchasers for use by government, military, or law enforcement agencies and (v) any person who

has suffered a personal injury, wrongful death, or property damage from the use or handling of a Model 700;

b. An order appointing Kinzer and Cherry as representatives of the Class;

c. An order appointing Max C. Tuepker PC, Rouse Hendricks German May PC, Monsees, Miller, Mayer, Presley & Amick PC, and Richard A. Ramler as co-counsel for the Class;

d. An order requiring Remington and Sporting Goods to pay the costs and expenses of class notice and claim administration;

e. Entry of judgment against Remington and Sporting Goods and in favor of Kinzer, Cherry, and the putative class for the total amount of damages suffered, which collectively is in excess of $10,000.00;

f. Entry of judgment awarding class counsel reasonable attorneys' fees and that all expenses of this action to be paid by Remington and Sporting Goods; and

g. Entry of judgment for pre and post-judgment interest, costs, and any further and additional relief as to which they may be entitled.

Respectfully submitted,

**MAX C. TUEPKER, PC**

By _____
Max C. Tuepker    OBA# 9117
204 N. Robinson, 25th Floor
Oklahoma City, OK 73102
Tele: 405-235-1700
Fax: 405-235-1714

JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED

Co-Counsel to submit Motions to Associate Counsel

**ROUSE HENDRICKS GERMAN MAY PC**
Kirk T. May, MO # 31657
1010 Walnut, Suite 400
Kansas City, MO 64106
Tele: 816-471-7700
Fax: 816-471-2221

**MONSEES, MILLER, MAYER,
PRESLEY & AMICK**
A Professional Corporation
Timothy W. Monsees, MO # 31004
4717 Grand Avenue, Suite 820
Kansas City, MO 64112
Tele: 816-361-5550
Fax: 816-361-5577

**RICHARD A. RAMLER**, MT # 2256
202 West Madison Ave.
Belgrade, MT 59714
Tele: 406-388-0150
Fax: 406-388-6842

**ATTORNEYS FOR PLAINTIFFS**

I, PATRICIA PRESLEY, Court Clerk for Oklahoma County, Okla., hereby certify that the foregoing is a true, correct and complete copy of the instrument herewith set out as appears of record in the District Court Clerks Office of Oklahoma County, Okla., this 9th day of November, 2009.
PATRICIA PRESLEY, Court Clerk
By _____ Deputy