### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JANTZ H. KINZER and JOHN W. CHERRY individually and as class representatives,<br><br>Plaintiffs,<br><br>vs.<br><br>REMINGTON ARMS COMPANY, INC. and SPORTING GOODS PROPERTIES, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No: 5:09-cv-01242-R<br>)<br>)<br>)<br>)<br>) |

### AMENDED COMPLAINT FOR INDIVIDUAL AND CLASS ACTION RELIEF

Plaintiffs, Jantz H. Kinzer and John W. Cherry, pursuant to Fed. R. Civ. P. 23, on their own behalf and as representatives of a class of individuals as more fully described herein, for their Complaint against defendants, Remington Arms Company, Inc. and Sporting Goods Properties, Inc., state and allege as follows:

### PARTIES

1. Defendant Remington Arms Company, Inc. (hereinafter "Remington") is a corporation duly organized and incorporated under the laws of the State of Delaware with its corporate headquarters and principal place of business in North Carolina. At all times relevant to this action, Remington was doing, authorized to do, and was conducting business in Oklahoma by selling and distributing, through its agents and representatives and otherwise, new Remington Model 700 bolt action rifles each with a Walker fire control (hereinafter referred to as "Model 700"). Remington's registered

agent in Oklahoma is The Corporation Company, 735 First National Building, Oklahoma City, Oklahoma 73102, and Remington can be served with process by service upon its registered agent.

  2. Defendant Sporting Goods Properties, Inc. (hereinafter "Sporting Goods") is a corporation duly organized and incorporated under the laws of the State of Delaware with its corporate headquarters and principal place of business in Delaware since about 1985 but in Connecticut prior thereto. At all times relevant to this action, Sporting Goods was doing, authorized to do, and was conducting business in Oklahoma by selling and distributing, through its agents and representatives and otherwise, Remington Model 700 bolt action rifles each with a Walker fire control. Sporting Goods registered agent in Oklahoma is the Secretary of State, State of Oklahoma, 2300 N. Lincoln Blvd., Oklahoma City, Oklahoma 73105-4897, and Sporting Goods can be served with process by service upon its registered agent.

  3. Jantz H. Kinzer (hereinafter "Kinzer") is a citizen of Oklahoma and resides in the city of Oklahoma City, Oklahoma County, Oklahoma.

  4. John W. Cherry (hereinafter "Cherry") is a citizen of Oklahoma and resides in the city of Edmond, Oklahoma County, Oklahoma.

## GENERAL ALLEGATIONS

  5. Defendant Remington is now and Defendants Remington and Sporting Goods have been engaged in the business of designing, manufacturing, assembling, testing, distributing and selling firearms, and in this regard Remington did

design, manufacture, test, distribute, and place into the stream of commerce and sell to Kinzer a Model 700 and Sporting Goods did design, manufacture, test, distribute, and place into the stream of commerce and sell to Cherry Model 700s, as did Remington and/or Sporting Goods with respect to each putative class member.  Each defendant made decisions at its respective principal place or places of business concerning the design, manufacture, and distribution of the Model 700.  The corporate leadership located at the respective principal places of business of the defendants made sales decisions, warning decisions, and warranty decisions concerning the Model 700 that impacted each Plaintiff and each putative class member.

    6. After September 2004, Kinzer purchased a new Model 700 at Outdoor Outfitters, now owned by H&H Gun Range & Shooting Sports Outlet, located in Oklahoma City, Oklahoma County, Oklahoma.  The Model 700 purchased by Kinzer bears serial number S6502027 and was purchased primarily for personal, family, or household use.  The Model 700 purchased by Kinzer has fired without a trigger pull.  In the early 1970s, Cherry purchased a new Model 700 at a TG&Y store (no longer in existence) located in Edmond, Oklahoma County, Oklahoma.  This Model 700 purchased by Cherry bears serial number 169559 and was purchased primarily for personal, family, or household use.  Later in the 1970s, Cherry purchased another new Model 700 at a gun shop in Oklahoma City, Oklahoma, which is no longer in existence.  This Model 700 purchased by Cherry bears serial number 6817532 and was purchased primarily for personal, family, or household use.  Cherry is unaware whether either of the Model 700s

he purchased have fired without a trigger pull.  Each putative class member also purchased a new Model 700.  The purchase of a Model 700 is not a transaction where the terms of warranties are negotiated.

       7.      The Model 700 rifles purchased by Kinzer and Cherry and each rifle purchased by each putative class member have a Walker fire control.  The Walker fire control is a defect in the design of the Model 700 because the Walker fire control permits the rifle to fire without a trigger pull.  The Defendants have received thousands of customer complaints about the Model 700 firing without a trigger pull.  Given the nature of the manifestation of the defect in the Model 700, the "fire without trigger pull" incidents are underreported.  Defendants have for some time been aware of personal injuries, and even death, resulting from a Model 700 firing without a trigger pull.  It is substantially likely that each Model 700 will fire without a trigger pull at some point in time.  Each Model 700 which has been purchased by a putative class member or the Plaintiffs is well within its useful life.  Since the sale of the first Model 700, the defendants have been aware that the Walker fire control, unlike other fire controls, permitted the rifle to be fired without a trigger pull and that the Model 700, unlike rifles with a fire control other than the Walker 700, was prone to fire without a trigger pull.  The defendants have not warned about the Model 700 firing without a trigger pull and have concealed that fact from purchasers of the Model 700.  The defendants affirmatively mislead purchasers about the safety of the Model 700 and have actively concealed the defect.  Due to that dangerous defect, the Model 700s purchased by Kinzer, by Cherry

and by each putative class member is for the same reason as each other such rifle purchased by every other putative class member not fit for the ordinary purpose for which such goods are sold and used.

## CLASS ACTION ALLEGATIONS

8.      This action is brought by Kinzer and by Cherry individually and as class representatives against Remington and Sporting Goods to recover damages for themselves and for all other putative class members who have purchased one or more Model 700 rifles with a Walker fire control.  The damages sought in this class action are limited to those for a breach of warranty and this class action is not asserting any personal injury claims, wrongful death claims, or property damage claims.  Kinzer and Cherry each seek in this case only economic damages on behalf of himself and each putative class member.  The economic damages sought by Kinzer and Cherry and each putative class member is the difference in value at the time of purchase between the Model 700 with the defect and a Model 700 without a defective fire control that did not permit firing without a trigger pull so that it could be used safely for its intended purpose or the cost to repair the defect in the Model 700 or to replace the Model 700, and interest.

9.      Kinzer and Cherry each propose to represent a class defined as all persons who are United States citizens and are the original purchaser of a new Model 700, but excluding (i) Remington employees, directors, and officers, and members of their immediate families, (ii) all judges before whom this case is pending and persons within the fourth degree of consanguinity or affinity to them, (iii) any person in a jury pool for

this action who is kin to a party to the action; (iv) purchasers for use by government, military, or law enforcement agencies and (v) any person who has suffered a personal injury, wrongful death, or property damage from the use or handling of a Model 700. Kinzer's and Cherry's claims are typical of the claims of each putative class member and Kinzer and Cherry will fairly and adequately represent the interests of the class and each class member. The claims of Kinzer, Cherry, and each putative class member are based on the presence of a Walker fire control and whether that control is a breach of the same warranties given to Kinzer, Cherry, and each putative class member.  The claims of Kinzer and Cherry and the claim of each putative class member concern solely the fact that the rifles each had a Walker fire control system that breached warranties and do not concern any conduct or use by Kinzer, Cherry, or any putative class member.  Kinzer and Cherry have suffered the same type of damages as each putative class member and the damages of Kinzer, Cherry and each putative class member are measured in the same way.

10. On information and belief, the putative class consists of hundreds if not thousands of individuals so that joinder of each putative class member as a party to this action is impracticable. Moreover, the amount of damages suffered by each class member is such that an individual action for recovery by each individual class member is economically unfeasible and no single class member would have an interest in controlling the prosecution of his or her individual claim.  The case of *Rodgers v. Remington Arms Company*, Case No. 09-1054, was filed in the United States District Court for the Western

District of Arkansas on December 10, 2009. *Rodgers* is a putative class action concerning the Model 700. This case was filed before *Rodgers* and fully encompasses and is broader than *Rodgers*.

        11.     There are questions of law and fact common to Kinzer, Cherry, and each member of the putative class. Those common questions of law and fact include the following:

      a.     Whether the defect described above which is present in each Model 700 makes each rifle unfit for its ordinary purpose;

      b.     Whether in each instance when a putative class member purchased a Model 700 Remington, or Sporting Goods, as appropriate, breached warranties given to each putative class member;

      c.     Whether the economic injury suffered by each putative class member and the manner of calculating damages is the same for Kinzer, Cherry, and each putative class member.

        12.     Counsel for the Class, Max C. Tuepker PC, Rouse Hendricks German May PC, Monsees, Miller, Mayer, Presley & Amick PC, and Richard A. Ramler, are experienced and knowledgeable concerning this type of litigation, and will fairly and adequately represent the interests of the putative class. All counsel for the Class, with the exception of Max C. Tuepker of Max C. Tuepker, P.C., who is already admitted to practice in this Court, are currently processing applications for admission and motions to

associate with local counsel will be filed once admitted.  Kinzer and Cherry will fairly and adequately protect the interests of the putative class.

   13. The common questions of law and fact predominate over any questions affecting any individual member of the putative class, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy. There should be no unusual difficulties in the management of this case as a class action.

   14. This action is properly maintainable as a class action because separate adjudications could result in inconsistent or varying adjudications which would establish incompatible standards of conduct for Remington and Sporting Goods and the agents and representatives through whom each acts.  Adjudication of the claims of individual class members would as a practical matter be dispositive of the claims of the other putative class members.  Concentrating the claims of each putative class member in a single piece of litigation would result in judicial efficiency and would not otherwise prejudice the rights of Remington, Sporting Goods, or any putative class member.

## **BREACH OF WARRANTY**

   15. Kinzer and Cherry, on their own behalf and on behalf of the putative class, restate and incorporate by reference paragraphs 1 through 14 above as though fully restated herein.

   16. The purchase by Kinzer, the purchases by Cherry, and the purchase or purchases by each putative class member of a new Model 700 from Remington,

through its agents or otherwise, or from Sporting Goods, through its agents or otherwise, constituted a sale of goods and an accompanying express and implied warranty by Remington and Sporting Goods, respectively.  Defendants expressly warranted each Model 700 to be free from defects and agreed to repair the defect or replace the Model 700.  That express warranty did not have as a term that the Model 700 must have actually misfired.  Because of defendants' conduct and the nature and purpose of a rifle, purchasers of a Model 700 would not always appreciate each time their Model 700 fired without a trigger pull.  Any warranty disclaimer, limitation, or similar provision in Defendants' warranty is unconscionable, unreasonable, and a product of unequal bargaining power and for those reasons unenforceable.  In order to be merchantable and free from defects in workmanship, each Model 700 had to be able to be used safely by not being able to fire without a trigger pull.  Because each Model 700, unlike rifles without the Walker fire control, is prone to fire without a trigger pull, the Model 700 is defective because the purpose of a rifle is that it will only be fired when the trigger is pulled.

17.     Remington expressly and impliedly warranted to Kinzer and each putative class member and Sporting Goods expressly and impliedly warranted to Cherry and each putative class member that the Model 700 purchased by each and every one of them would not fire without a trigger pull, that it was fit for the ordinary purpose for which it is used, and that it was free from defects in workmanship. Firing without a trigger pull is not the ordinary purpose of the rifles and makes the rifles not merchantable and defective.

18. Remington breached its warranties to Kinzer and each putative class member and Sporting Goods breached its warranties to Cherry and each putative class member by the Model 700 being defective. The Plaintiffs and each putative class member did not receive the benefit of their bargain, namely a rifle free from defects.

19. As a result of the breach of warranties by Remington and by Sporting Goods, Kinzer, Cherry, and each putative class member has suffered economic damage as described herein. Kinzer and the putative class members do not seek incidental or consequential damages, or injunctive relief.

WHEREFORE, Kinzer and Cherry, individually and as representative of the putative class, pray for the following relief:

   a. An order certifying this action as a class action for the following class: all persons who are United States citizens and are the original purchaser of a new Model 700, but excluding (i) Remington employees, directors, and officers, and members of their immediate families, (ii) all judges before whom this case is pending and their spouses and persons within the third degree of relationship to either of them, (iii) any person in a jury pool for this action who is kin to a party to the action; (iv) purchasers for use by government, military, or law enforcement agencies and (v) any person who has suffered a personal injury, wrongful death, or property damage from the use or handling of a Model 700;

b.  An order appointing Kinzer and Cherry as representatives of the Class;

c.  An order appointing Max C. Tuepker PC, Rouse Hendricks German May PC, Monsees, Miller, Mayer, Presley & Amick PC, and Richard A. Ramler as co-counsel for the Class;

d.  An order requiring Remington and Sporting Goods to pay the costs and expenses of class notice and claim administration;

e.  Entry of judgment against Remington and Sporting Goods and in favor of Kinzer, Cherry, and the putative class for the total amount of damages suffered as described herein;

f.  Entry of judgment awarding class counsel reasonable attorneys' fees and that all expenses of this action to be paid by Remington and Sporting Goods; and

g.  Entry of judgment for pre and post-judgment interest, costs, and any further and additional relief as to which they may be entitled.

**MAX C. TUEPKER, P.C.**

BY: /s/Max C. Tuepker
 Max C. Tuepker, OBA # 9117

204 N. Robinson, 25th Floor
Oklahoma City, Oklahoma 73102
(405) 232-9114 (Fax)

(405) 235-1700

**ATTORNEY FOR PLAINTIFFS**

**JURY DEMANDED**

## Certificate of Mailing

I certify that on this 19th day of January, 2010, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based upon the records currently on file, the clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Robert H. Alexander, Jr.   alexattys@productlaw.com

Robert W. Ivy   rwi@productlaw.com

John J. Love   jjl@productlaw.com

Max C. Tuepker   mtuepker@swbell.net


/s/Max C. Tuepker
Max C. Tuepker