### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN W CHERRY, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. CIV-09-1242-R |
| ) | |
| ) | |
| REMINGTON ARMS COMPANY, INC., and ) | |
| SPORTING GOODS PROPERTIES, INC., ) | |
| ) | |
| Defendants. ) | |

### ORDER

This matter comes before the Court on Defendants' Motion to Dismiss, addressed to Plaintiff Cherry's claim for violation of the implied warranty of merchantability, a claim resurrected by Plaintiff in the second amended complaint after the Court dismissed the remainder of his claims. Plaintiff responded in opposition to the motion to dismiss, and having considered the parties' submissions, the Court finds as follows.

Plaintiff filed this action on behalf of a putative class, alleging a defect in the Model 700 shotgun manufactured by Sporting Goods Properties, Inc, and later by Remington Arms Company, Inc. The Court previously concluded that Connecticut law applies to Plaintiff Cherry's claims because he purchased his Remington Model 700 bolt action rifles during the time Sporting Goods Properties, Inc., was headquartered in Connecticut. Following the granting of summary judgment in Defendants' favor on Plaintiff Cherry's breach of express warranty claim, due to the absence of any express warranty, the Court permitted Plaintiff to file a Second Amended Complaint attempting to revive a breach of implied warranty claim,

said claim having been previously dismissed for want of privity. In the Second Amended Complaint Plaintiff seeks relief on a theory of breach of implied warranty under Connecticut General Statute 42a-2-314, Connecticut's version of § 314 of the Uniform Commercial Code. Defendants move to dismiss the amended complaint asserting that (1) Plaintiff Cherry's claim fails for lack of privity with the Defendants; (2) Plaintiff cannot avoid the privity requirement by attempting to plead that he was an intended third-party beneficiary of an agreement between the manufacturer and the seller or that the seller was the Defendants' agent; (3) that Plaintiff Cherry failed to give notice of the alleged breach of warranty as required by Connecticut's version of the Uniform Commercial Code; (4) that Plaintiff Cherry's claims failed because he has failed to allege damages[1];(5) that Plaintiff has no constitutional standing in light of the fact that his gun has never fired without a trigger pull; (6) Plaintiff has failed to allege manifestation of the defect, which is required by Connecticut law; and (7) Plaintiff's claims are time-barred and cannot be saved by application of the fraudulent concealment rule.

## EXISTENCE OF AN IMPLIED WARRANTY PRIVITY

The Court first notes the dearth of authority from Connecticut on the issue of when privity is required. Connecticut recognizes two methods for pursuing claims for breach of the implied warranty of merchantability. A plaintiff may chose to pursue such a claim under a theory of tort law, specifically the Connecticut Products Liability Act, General Statutes §

---

[1] Defendants submit evidence in support of this proposition and thus contend that with regard to this argument, the motion should be construed as a motion for summary judgment. Plaintiff did not submit any evidence and the Court declines to convert the motion at this juncture.

52-572(m) *et seq.*, which does not require privity, or the Connecticut version of the Uniform Commercial Code, a contractually based statute.  The issue before the Court is whether Plaintiff may maintain an action for breach of warranty under the Connecticut version of the Uniform Commercial Code in the absence of privity, that is in the absence of any direct relationship between the parties.

"Connecticut General Statutes § 42a-2-314 establishes that a warranty of merchantability from the seller to the buyer is implied in all contracts for the sale of goods. . . . However, the plaintiff was not the buyer in the sale made by the defendant manufacturer." *Kahn v. Volkswagen of America, Inc.*, 2008 WL 590469, *7 (Conn.Super. Feb. 13, 2008).  Accordingly, in this case, as in *Kahn*, if there is a warranty that is enforceable against Sporting Goods, Inc., it would be enforceable by the entity to which Sporting Goods, Inc. originally sold the Model 700 rifles at issue herein.  Consistent with *Kahn*, the Court concludes that Plaintiff has failed to establish the existence of an implied warranty because he did not purchase his rifles directly from the manufacturer.

Additionally, the Court finds that the Plaintiff is required to establish privity with the Defendant, even if an implied warranty existed.  Although the Court permitted Plaintiff to amend his complaint to reassert a claim for breach of implied warranty, the Court concludes that where, as here, the allegation is for an unmanifested defect that has caused neither personal injury nor property damage, that Connecticut law would require privity of contract between the Plaintiff and the Defendant for a claim under the Uniform Commercial Code. The cases from Connecticut's state and federal courts that have eliminated the privity

requirement have involved personal injuries, *see Drescher v. Hoffman Motors Corp.*, 585 F.Supp. 555 (D.Conn. 1984) and *Quadrini v Sikorsky Aircraft Div.*, 505 F.Supp. 1049 (D.Conn. 1981), or, commercial losses where the plaintiff was subrogee of a party in privity with the manufacturer. *Utica Mutual Ins. Co. v. Denwat Corp.*, 778 F.Supp. 592 (D.Conn. 1991). The Court makes this conclusion not withstanding Plaintiff's contentions regarding the absence of other remedies.

> A warranty action . . . has a built-in limitation on liability . . . the limitation in a contract action comes from the agreement of the parties and the requirement that consequential damages, such as lost profits, be a foreseeable result of the breach . . . [W]here the loss is purely economic, the limitation derives from the requirements of forseeability and of privity . . . Permitting recovery for all foreseeable claims for purely economic loss could make a manufacturer liable for vast sums. It would be difficult for a manufacturer to take into account the expectations of persons downstream who may encounter its product.

*United Tech. Corp. v. Saren Engineering, Inc.*, 2002 WL 31319598, *3-4 (Conn.Super. 2002). "While it may seem that there should be a remedy for every wrong, this is an ideal limited perforce by the realities of this world. Every injury has ramifying consequences, like the ripplings of the water, without end. The problem for the law is to limit the legal consequences of wrongs to a controllable degree." *Id.* at * 4 (quoting *Waters v. Autuori*, 676 A.2d 357, 361 (1996)). The Court finds the absence of privity bars Plaintiff Cherry's claims against Defendants.

## **THIRD-PARTY BENEFICIARY and/or AGENCY THEORY**

The Court rejects Plaintiff's contention that he has sufficiently alleged facts to support the theory that he was a third-party beneficiary of the contractual relationship between the

manufacturer and the seller. Plaintiff does not allege that the sellers from whom he purchased his Model 700 rifles had contractual relationships with the manufacturer, he does not allege any terms of any alleged contracts, or a factual basis for concluding that he was an intended third-party beneficiary of any such contract. The Court similarly rejects Plaintiff's attempt to plead an agency relationship, again because Plaintiff has failed to allege any facts to support such a relationship between the manufacturer and either retailer, and conclusory allegations are insufficient under the pleading standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqubal*, 556 U.S. 662 (2009).[2]

Having concluded that Plaintiff is not entitled to proceed on his breach of warranty claim under Connecticut General Statute 42a-2-314, the Court need not address Defendants' remaining arguments in favor of dismissal. Defendants' Motion to Dismiss Plaintiff Cherry's claims is GRANTED. In light of this conclusion, Plaintiff's Motion for Certification is DENIED AS MOOT.

IT IS SO ORDERED this 5th day of September, 2012.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[2] Under Connecticut law "agency is defined as the fiduciary relationship which results from manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act." *Wesley v. Schaller Subaru, Inc.*, 893 A.2d 389, 400 (2006). "The three elements required to show the existence of an agency relationship include: (1) a manifestation by the principal that the agent will act for him; (2) acceptance by the agent of the undertaking; and (3) an understanding between the parties that the principal will be in control of the undertaking" *Id.*